UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL STURDEVANT and DANA SWAIN-STURDEVANT,

        Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

        Defendant.

_____/

Case No.

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, MICHAEL STURDEVANT and DANA SWAIN-STURDEVANT (hereinafter referred to as "Plaintiffs"), by and through the undersigned counsel, and hereby sues the Defendant, OCWEN LOAN SERVICING, LLC (hereinafter referred to as "Defendant"), for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

### PARTIES

4. Plaintiffs, Michael Sturdevant and Dana Swain-Sturdevant, are natural persons who reside

in Lee County, Florida, and is are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5. Defendant, Ocwen Loan Servicing, LLC, is a foreign limited liability company operating from a principal address of 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Defendant is a "debt collector" because, as servicer of mortgage loans, the principal purpose of its business is the collection of debts, and it regularly collects debts owed or asserted to be owed to other entities, such as banks which originate and/or own such mortgage loans. Upon information and belief, Defendant has significant and substantial contacts with the State of Florida.

## FACTS

6. On or about November 6, 2006, Plaintiffs incurred a debt (hereinafter the "Debt") to BAC Home Loans Servicing LP (hereinafter "BAC") in conjunction with a first mortgage to purchase property located at 20273 Royal Villagio Court #202, Estero, FL 33928 (hereinafter the "Subject Property").

7. As Plaintiffs purchased the Subject Property to use as their primary personal residence, the Debt was incurred for personal, family and household purposes and is therefore "consumer debt" under the FDCPA and FCCPA.

8. Subsequent to incurring the Debt, Plaintiffs fell behind on mortgage payments to BAC, and thus became delinquent and defaulted on the Debt.

9. On or about February 28, 2011, Plaintiffs sought protection from their creditors by filing a voluntary Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division, case no. 9:11-bk-03443. *See* **Exhibit "A"**

attached hereto.

10. In the schedules filed with the petition in this case, a debt was listed as being owed to BAC in association with the first mortgage on the Subject Property. *See* **Exhibit "B"** attached hereto.

11. Plaintiffs' Chapter 13 Plan, filed with the bankruptcy petition and schedules, clearly indicate her intent to surrender the Subject Property and be discharged of the associated Debt. *See* **Exhibit "C"** attached hereto.

12. BAC was duly listed on the mailing matrix filed with Plaintiff's bankruptcy petition. *See* **Exhibit "D"** attached hereto.

13. On March 11, 2011, the Clerk of the Bankruptcy Court caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail, as evidenced by the certificate of notice. *See* **Exhibit "E"** attached hereto.

14. The 341(a) meeting of creditors was held in Fort Myers, Florida on April 15, 2011. BAC did not attend the meeting.

15. Plaintiffs completed all payments under their Chapter 13 plan, and subsequently received an order discharging their debts, including the Debt at issue herein, on June 28, 2012. The certificate of notice clearly shows that the order of discharge was mailed to BAC at several addresses. *See* **Exhibit "F"** attached hereto.

16. At no time during Plaintiffs' bankruptcy case did any party, including BAC and the Defendant, challenge the dischargeability of the debt in question.

17. Subsequent to entry of the order of discharge in her bankruptcy case, the Debt was sold to another party, and the Defendant became servicer of the Debt on behalf of the new owner.

18. Following entry of the discharge, Defendant began sending Plaintiffs monthly "Mortgage Account Statements", which each state an amount due to Defendant on the mortgage loan of anywhere between $62,000.00 and $226,000.00. Each Mortgage Account Statement includes a tear-off payment coupon which states the total amount "due" with a due date and a late fee if payment is not received by the due date, along with numerous references to payments, fees, and amounts due. *See* **Composite Exhibit "G"** attached hereto.

19. The Mortgage Account Statements sent by Defendant contain the following language, buried amongst many indistinguishable paragraphs of fine print: "This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally." *See* Composite Exhibit "G".

20. The Mortgage Account Statements also include an amount due, a payment due date, and most notably, a tear-off coupon which Defendant instructed Plaintiffs to detach and include with their payment. *See* Composite Exhibit "G". Additionally, each Mortgage Account Statement was accompanied by a return envelope for us to send the payment coupon back to Defendant with payment.

21. In addition to the Mortgage Account Statements, Defendant sent Plaintiffs a

"Delinquency Notice" dated June 20, 2017, which informs Plaintiffs that "[f]ailure to bring your loan current may result in fees and foreclosure" and further references "payments due" in various amounts. The Delinquency Notice contains a disclaimer similar to that in the Mortgage Account Statements. *See* **Exhibit "H"** attached hereto.

22. Given the fact that (1) the debt in question is in connection with a mortgage loan on property that was surrendered by the Plaintiffs in bankruptcy; (2) the Plaintiffs no longer resided at the subject property and no longer had any interest in the Subject Property; (3) there is a detachable payment coupon included with each Mortgage Account Statement indicating a "total amount due" of upwards of $62,000.00; and (4) each statement was accompanied by a return envelope with explicit instructions related to sending payment, *there can be no other reason for Defendant to send such billing statements other than for the purpose of collecting a debt that is no longer owed.*

23. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the FDCPA and the FCCPA.

24. The Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

### COUNT I
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(9)

25. Plaintiffs incorporate by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

27. Defendant authorized and facilitated against the Plaintiffs an attempt to collect a debt from the Plaintiffs when it knew such debt had been discharged in Plaintiffs' bankruptcy

and was thus no longer legally owed.

28. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

29. Defendant violated § 559.72(9) by sending the Mortgage Account Statements to Plaintiffs in an attempt to enforce debt that had been discharged in Plaintiffs' bankruptcy and was thus no longer legally owed to Defendant. Each and every Mortgage Account Statement sent to Plaintiffs in the two years prior to the filing of this action was sent in violation of § 559.72(9).

30. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

31. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant for each violative communication sent in the two years immediately preceding this Complaint.

32. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs hereby reserve the right to amend their Complaint to include an allegation for punitive damages.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

33. Plaintiffs incorporate by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute violations of the Fair Debt Collection Practices Act.

35. Defendant authorized and facilitated against the Plaintiffs an attempt to collect a debt from the Plaintiffs when it knew such debt had been discharged in Plaintiffs' bankruptcy and was thus no longer owed.

36. Defendant violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt," by sending the Mortgage Account Statements, which falsely represented that this debt was owed despite the fact that such debt had been discharged in Plaintiffs' bankruptcy. Each and every Mortgage Account Statement sent to Plaintiffs within one year prior to the filing of this action was sent in violation of § 1692e(2)(A).

37. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

38. Plaintiffs have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, the Plaintiffs seek actual damages, statutory damages, reasonable attorney's fees and costs

pursuant to 15 U.S.C. § 1692k for each violative communication sent in the one year immediately preceding this Complaint.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

39. Plaintiffs incorporate by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute violations of the Fair Debt Collection Practices Act.

41. Defendant authorized and facilitated against the Plaintiffs an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiffs' bankruptcy and was thus no longer owed.

42. Defendant violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt," by sending the Mortgage Account Statements, which demanded payment on a debt legally discharged in bankruptcy. Each and every Mortgage Account Statement sent to Plaintiffs within one year prior to the filing of this action was sent in violation of § 1692e(10).

43. The statements sent by Defendant were deceptive in that they asserted a "total amount due" and included a detachable payment coupon, giving Plaintiffs the impression that they must pay such debt.

44. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental

and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

45. Plaintiffs have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, the Plaintiffs seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k for each violative communication sent in the one year immediately preceding this Complaint.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

46. Plaintiffs incorporate by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute violations of the Fair Debt Collection Practices Act.

48. Defendant authorized and facilitated against the Plaintiffs an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

49. Defendant violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by sending the Mortgage Account Statements, which were attempts to coerce payment on this alleged consumer debt, when Defendant knew that such debt had been discharged in Plaintiffs' bankruptcy. Each and every Mortgage Account Statement sent to Plaintiffs within one year prior to the filing of this action was sent in violation of § 1692f.

50. The statements sent by Defendant were unfair and unconscionable in that they gave Plaintiffs the impression that such debt remained owed despite the bankruptcy discharge, and further asserted a "total amount due" and included detachable payment coupons, giving Plaintiffs the impression that they must pay such debt.

51. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

52. Plaintiffs have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Plaintiffs seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k for each violative communication sent in the one year immediately preceding this Complaint.

## TRIAL BY JURY

53. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

WHEREFORE, the Plaintiffs, MICHAEL STURDEVANT and DANA SWAIN-STURDEVANT, having set forth their claims for relief against the Defendant, OCWEN LOAN SERVICING, LLC, respectfully pray of the Court as follows:

- That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

- That the Plaintiffs have and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

- That the Plaintiffs have and recovers against the Defendant a sum to be determined by the Court in the form of attorneys' fees and costs pursuant to and 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

- That the Defendant be enjoined and prohibited from engaging in further improper debt collection activities; and

- That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: January 16, 2018

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
***Attorneys for Plaintiff***

By: /s/ Joseph C. LoTempio
   Joseph C. LoTempio, Esq.
   Fla. Bar No. 0086097
   jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FL )
) ss
COUNTY OF Collier )

Plaintiff, MICHAEL STURDEVANT, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil action.
2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party to this action.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

MICHAEL STURDEVANT

Subscribed and sworn to before me this 18th day of DEC, 2017 by MICHAEL STURDEVANT who:

[✓] is personally known; or

[ ] produced identification _____.

Carolyn A. Bellor
Commission # FF985412
Expires: May 15, 2020
Bonded thru Aaron Notary

Notary Public

(SEAL)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF __FL__        )
                       ) ss
COUNTY OF __Collier__  )

Plaintiff, DANA SWAIN-STURDEVANT, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil action.
2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party to this action.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
DANA SWAIN-STURDEVANT

Subscribed and sworn to before me this __18th__ day of __Dec__, 20__17__ by DANA SWAIN-STURDEVANT who:

☑ is personally known; or

☐ produced identification _____.

Carolyn A. Bellor
Commission # FF985412
Expires: May 15, 2020
Bonded thru Aaron Notary

_____
Notary Public

(SEAL)